William Collins, Sr. v. Commissioner
Collins v. Commissioner
Docket No. 16063.
United States Tax Court
1948 Tax Ct. Memo LEXIS 41; 7 T.C.M. (CCH) 830; T.C.M. (RIA) 48241; November 15, 1948
*41 Prior to October 9, 1942, petitioner and two of his sons owned all of the outstanding stock of a corporation engaged in the business of building roads. On October 9, 1942, petitioner made a gift of $4,000 to each of five of his children. On the same date the petitioner, his two sons, and the five other children formed a partnership which purchased the assets of the prior corporation and assumed all of its liabilities. The five children, who were made "limited partners" under this agreement, purchased their interests with the $4,000 gifts received by them from the petitioner. The partnership did not continue the road building business of the corporation but leased the equipment and machinery to other companies, collected the rent, and distributed the income therefrom to the various partners. Held, the partnership composed of petitioner and his children constituted a bona fide partnership and the income distributed to the five children who acquired their interests by virtue of the gift to each of $4,000 by their father cannot be taxed to him under the doctrine of Tower v. Commissioner [327 U.S. 280,], and Lusthaus v. Commissioner [327 U.S. 293,]. *42 Philip B. Vogel, Esq., 20 1/2 Broadway, Fargo, N.D., for the petitioner. Jackson L. Boughner, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income and victory tax for the calendar year 1943 in the amount of $11,774.32. The single issue involved is whether the petitioner's income for 1943 may properly be increased by such amounts as represent partnership income distributed to five of his children in that year. The partnership interests of the children were originally acquired by virtue of a $4,000 gift made to each of them by the petitioner. Findings of Fact William Collins, Sr., hereinafter referred to as the petitioner, is a resident of Fargo, North Dakota, and has been engaged in the road contracting business for the past 25 years. His income and victory tax return for the calendar year 1943 was filed with the collector of internal revenue for the district of North Dakota. William Collins and Sons, Inc., a North Dakota corporation, was organized on March 29, 1939. This corporation was engaged in the business of building roads. It was authorized to issue 500 shares of common stock of the *43 par value of $100 per share. The original stock of this corporation was held and owned by the following named persons in the following proportions: William Collins, Sr.
255 shares (51%)
Leo F. Collins
195 shares (39%)
William R. Collins
50 shares (10%)
During September 1942, petitioner advised his seven children that he desired to form a partnership in which he, Leo F. Collins and William R. Collins would be general partners and his remaining five children, Kenneth J. Collins, Margaret M. Collins, Florence V. Collins, Kathryn Wallum, and Marion C. Walsh would be special partners. Prior to October 9, 1942, petitioner obtained $20,000 out of moneys due him from the corporation. This money was deposited by petitioner in his personal account. On October 9, 1942, petitioner delivered to each of the children, Margaret, Marion, Kenneth, Kathryn, and Florence a check in the amount of $4,000. On October 9, 1942, the petitioner, Leo F. Collins, William R. Collins, Marion C. Walsh, Kathryn Wallum, Florence V. Collins, Margaret M. Collins, and Kenneth J. Collins entered into a partnership agreement. The capital of the partnership was to be $100,000. Thirty-one thousand *44 dollars was contributed by the petitioner, $39,000 by Leo F. Collins, $10,000 by William R. Collins, and $4,000 by each of petitioner's other five children. The $4,000 contributions were made by endorsement of the $4,000 checks received that same day as gifts from the petitioner. Each of these checks was endorsed as payable to the order of the partnership which was designated as "William Collins & Company". Each gift of $4,000 made by the petitioner to the five children was a bona fide gift and was not conditioned upon its reinvestment in the new partnership. The former corporation, William Collins and Sons, Inc., sold and delivered all of its assets to the partnership and the partnership in turn assumed all of the liabilities of the corporation. The partnership agreement contained the following provisions pertinent to the issue herein: * * *
"2. William Collins, William R. Collins and Leo F. Collins shall be general partners and Marion C. Walsh, Kathryn Wallum, Margaret M. Collins, Florence V. Collins and Kenneth J. Collins shall be special or limited partners. * * *
"8. The special partners shall not take part in the management of the business or transact any business *45 for the partnership, and shall have no power to sign or bind the firm. * * *
"11. None of the special partners shall during the continuance of this partnership be entitled to draw out any profits or receive back any part of his or her share of the capital, until the termination of the partnership, without the approval of the general partners, or a majority thereof. "12. The profits of the partnership shall be divided and credited on the books to each partner at the end of each calendar year, pro rata according to the interest which each partner has in the partnership capital. "13. Losses suffered or incurred in the conduct of the business of the partnership shall be borne by all parties hereto in the same proportion in which they are entitled to share in the profits of the partnership, as provided in Paragraph 12 hereof; provided, however, that no limited partner shall in any event be liable for, or subject to any loss whatsoever beyond the amount contributed by him as aforesaid to the capital of the partnership; and provided, further, that no limited partner shall be personally liable for any debts, engagements or losses of the partnership in any event, or to any extent *46 whatsoever." * * *
The interests of Leo F. Collins and William R. Collins, Jr., in the partnership were identical with the percentage of stock they owned in the predecessor corporation, 39 per cent and 10 per cent respectively. Under the terms of the partnership agreement, petitioner had a 31 per cent interest and Kenneth, Margaret, Florence, Kathryn, and Marion each had 4 per cent which, when added to petitioner's interest, totaled 51 per cent. This was the same percentage of the stock of the predecessor corporation which was owned by the petitioner. None of the recipients of the $4,000 gifts made by petitioner were members of his household at the time of the gifts. They were all emancipated and of age on October 9, 1942. Mrs. William Collins, Sr., was not a member of the partnership. From October 9, 1942, to December 31, 1943, the sole business of the partnership was the renting and the sale of its machinery and equipment. The outbreak of war brought a halt to road building in the area in which the corporation operated. Because of the war emergency, the states quit the building of highways and many of petitioner's employees left his employ to join the armed services. Petitioner *47 was approximately 65 years of age at this time. Some time prior to October 9, 1942, petitioner commenced negotiations with the Wunderlick Construction Company which desired to rent petitioner's equipment for use in Costa Rica. On or about November 1st, the partnership and the Wunderlick Company concluded such an agreement. The road building machinery and equipment were shipped to Long Beach, California, where it remained for the next three months. The contract was cancelled by Wunderlick in February 1943 when it was unable to secure shipping space to move the equipment to Costa Rica. The equipment was then returned to Fargo, North Dakota, by Wunderlick. On or about April 1, 1943, the equipment was rented to the McGeary Brothers for use in constructing an airport at Alexandria, Minnesota. McGeary Brothers returns the equipment to the partnership in October 1943, and shortly thereafter it was sold to Morris Knutson of Boise, Idaho. On February 3, 1943, Leo F. Collins died and his wife was substituted for him, as a partner. On September 15, 1943, her interest was acquired by the partnership, increasing the interest of the remaining partners proportionately. Of the five children *48 who received gifts of $4,000 each, only Florence V. Collins and Kenneth J. Collins had been active in the business of the company. Florence had worked for the company for four years prior to 1942. She acted as bookkeeper or office manager. In October 1942, she went to Costa Rica where she remained for the next two years. Kenneth operated a tractor for the business when he was 15 or 16. Later he became a foreman and when he finished school in 1941, he became a superintendent for the company. Kenneth was also active after the formation of the partnership. From April to October 1943, he looked after the partnership's machinery which was being used during that period by the McGeary Brothers in Alexandria, Minnesota. No part of the partnership income during 1943 which was distributable in respect to the interests of petitioner's five children was used or was available for use by the petitioner. In 1943, Florence Collins withdrew practically her entire interest in the capital of the company. In 1944, William Collins, Jr., withdrew $7,000 or $8,000 of his interest in the partnership and invested the money in an oil business in Bemidji, Minnesota. At this time petitioner made a gift *49 of $4,000 to William as the latter had not received such a gift in October 1942. In the deficiency notice, respondent included in the taxable income of petitioner for 1943 that portion of the partnership profits allocated to his five children who were special partners. It has been stipulated herein that in the notice of deficiency respondent erroneously allowed the petitioner a loss of $275 as a deduction from gross income for the year 1943 and that to correct this error the income of petitioner for 1943, as shown by the notice of deficiency, should be increased by $137.50 and the victory tax net income for 1943 should be increased by $275. These adjustments result in an increased deficiency of $123.47, claim for which was made by respondent under the provisions of section 272 (e) of the Internal Revenue Code. It has also been stipulated that in the event this Court determines that petitioner's share of the partnership income during 1943 is less than that determined by the respondent, then petitioner's share of the net loss of said business for 1942, and of the net long-term capital losses and contributions for the year 1943 should be correspondingly reduced. *50 Opinion ARUNDELL, Judge: The sole issue presented is whether the respondent is correct in determining that partnership income allocated in 1943 to the five limited partners is properly taxable to their father under the principles enunciated by the Supreme Court in the companion cases Commissioner v. Tower, 327 U.S. 280, and Lusthaus v. Commissioner, 327 U.S. 293. The rationale of the Tower and Lusthaus decisions was succinctly stated by this Court in Isaac Blumberg, 11 T.C. (No. 80) wherein the Court said: "The test in determining the bona fide character of a family partnership is to ascertain whether the partners really and truly intended to join together for the purpose of carrying on a business and sharing in its profits, or whether the partnership was a mere sham utilized solely for the purpose of reducing a taxpayer's true tax liability by a pretended distribution of income." In the application of such a test, the familiar elements which have been consistently referred to as indicative of good faith must not be mechanically weighed without regard for the factual background from which they have been removed. In the Tower case, the Court found *51 that the sole purpose of the petitioner in changing his business from the corporate form to a partnership was to acquire the resulting tax advantages and that it was undertaken upon the advice of tax counsel. No material change or interruption was reflected in the operation of the business. The Supreme Court said, "By the simple expedient of drawing up papers, single tax earnings cannot be divided into two tax units and surtaxes cannot be thus avoided." Petitioner claims that the reason for the formation of the partnership in the present case was that he thought it would be a simple method of dividing among these five children his interest in the road building equipment then owned by the corporation. The equipment constituted his principal asset. He was approximately 65 years of age at the time of the gifts and as the equipment was being rented to another company for use in Central America, there was a possibility that it would never be used again by petitioner for road building purposes. Whether or not this was the specific motive in forming the partnership is of little moment to our determination in this case as the record contains no evidence which indicates that the petitioner *52 was prompted by tax considerations in providing five of his children with the funds by which they acquired their partnership interests. The facts also clearly show that the partnership income distributable to the petitioner's children was not made available to be used by the petitioner for the same business or family purposes as his income from the corporation. In the Tower case, the Court pointed out that Mrs. Tower used her share of the business income to purchase what a man usually buys for his wife. Petitioner's wife was not a partner and all of his children who were made partners under this agreement were of age at the time of the gift. Cf. Helvering v. Clifford, 309 U.S. 331. We have also found that petitioner made a bona fide gift in praesenti of $4,000 to each of the five children on October 9, 1942. It is quite natural that he hoped and he probably had been assured that each would invest the money so received in the contemplated partnership. This desire and understanding on his part did not, in our opinion, render the gift conditional. Petitioner's testimony that he regarded the money so distributed as gifts is substantiated by his donation of a similar amount *53 to a son, William R. Collins, upon the latter's withdrawal of most of his capital from the partnership in 1944. It is also significant that Florence was permitted in 1943 to withdraw practically her entire capital from the company. On the facts of this case, we cannot agree with the respondent that the partnership agreement constituted merely a reallocation of the petitioner's income within the family group. Respondent states that the issue is "who earned the income?" He argues that the five children "contributed no capital, no management, no vital services" and submits that for this reason this case is "another example of a family partnership similar to those in the Tower and Lusthaus cases, supra." With this we cannot agree. The fact that petitioner's children contributed no management and no vital services would warrant great weight if there had been any services which the partners could have rendered the partnership in the present case. However, we cannot require nor consider an element ordinarily of great significance where the facts of the case demonstrate that its fulfillment was impossible. That situations exist where such a factor is disregarded in the application of *54 the Tower doctrine was recognized in T. W. Rosborough, 8 T.C. 136, wherein this Court observed: "The important point is that personal services did not contribute in any way to the production of the organization's income." The partnership under consideration was not formed to continue the business of the corporation which was engaged in the business of building roads but merely to hold title to the rented machinery and equipment, to collect the rent therefrom and to distribute the income derived to the respective parties. Cf. Beasley v. Allen, 61 Fed. Supp. 929, aff'd., 157 Fed. (2d) 970. It appears to us that the restrictions placed upon the children by the partnership agreement were entirely reasonable and consistent with their status as limited partners. The privilege of conducting business under such an arrangement cannot be denied these persons simply because they are the children of one of the general partners. Upon the facts of this case, we are of the opinion that the partnership, composed of the petitioner and his children, constituted a bona fide partnership and that the income distributable to the five children who acquired their *55 interests by virtue of the gift to each of $4,000 by their father cannot be taxed to him under the doctrine of Commissioer v. Tower, supra, or Lusthaus v. Commissioner, supra. To permit the adjustments stipulated by the parties herein, Decision will be entered under Rule 50.